## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CHRISTINE EDITH SARGENT,

    Plaintiff,

-vs-

EQUIFAX INFORMATION SERVICES LLC;
EXPERIAN INFORMATION SOLUTIONS,
INC.; TRANS UNION LLC; COMENITY
CAPITAL BANK; JPMORGAN CHASE
BANK, N.A.; and CREDENCE RESOURCE
MANAGEMENT, LLC,

    Defendants.

Case No.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, CHRISTINE EDITH SARGENT (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"); EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"); TRANS UNION LLC (hereinafter "Trans Union"); COMENITY CAPITAL BANK (hereinafter "Comenity"); JPMORGAN CHASE BANK, N.A. (hereinafter "Chase"); and CREDENCE RESOURCE MANAGEMENT, LLC (hereinafter "CRM") (hereinafter collectively "Defendants"), and in support thereof respectfully

1

alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## PRELIMINARY STATEMENT

1.      This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8. Venue is proper in this District as Equifax's principal address is in this District; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9. Plaintiff is a natural person and resident of Sullivan County in the State of New Hampshire. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10. Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

11. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and

disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.    Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.    Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

14.    Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.    Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.    Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

17.    Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling,

evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.    Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.    Comenity is an FDIC insured state-chartered bank headquartered at 12921 S. Vista Station Boulevard in Draper, Utah 84020 that upon information and belief conducts business in the State of Georgia.

20.    Comenity is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

21.    Comenity furnished information about Plaintiff to the CRAs that was inaccurate.

22.    Chase is a corporation with its principal place of business in the State of New York and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

23.    Chase is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

24.    Chase furnished information about Plaintiff to the CRAs that was inaccurate.

25.     CRM is a corporation with its principal place of business in the State of Texas and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

26.     CRM is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

27.     CRM furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

28.     Plaintiff is a natural person who is alleged to owe a debt to multiple accounts which do not belong to her.

29.     Upon information and belief, Plaintiff is a victim of identity theft.

30.     In or about March/April 2024, Plaintiff first became aware of accounts which did not belong to her appearing in her credit file.

31.     On or about August 19, 2024, Plaintiff placed a fraud alert on her credit file regarding the fraudulent activity and erroneous accounts which did not belong to her:

> ID SECURITY ALERT: FRAUDULENT APPLICATIONS MAY BE SUBMITTED IN MY NAME OR MY IDENTITY MAY HAVE BEEN USED WITHOUT MY CONSENT TO FRAUDULENTLY OBTAIN GOODS OR SERVICES. DO NOT EXTEND CREDIT WITHOUT FIRST VERIFYING THE IDENTITY OF THE APPLICANT. I CAN BE REACHED AT 603-477-4391. THIS SECURITY ALERT WILL BE MAINTAINED FOR 1 YEAR BEGINNING 08-19-24.

32.     On or about September 3, 2024, Plaintiff obtained copies of her credit reports from the CRAs. Upon review, Plaintiff observed personal identifying information including Social Security number, phone numbers, and addresses, which were incorrect and inaccurate. Further, Plaintiff observed the hard inquiries and the following erroneous accounts which did not belong to her. Such high balances negatively affected Plaintiff's debt-to-income ratio.

| **Furnisher** | **CRA** | **Account** | **Status** |
|---|---|---|---|
| Citizens Bank | Equifax, Experian, Trans Union | *9108 | Open, balance $322 |
| Citizens Bank | Equifax, Experian, Trans Union | *3588 | Past due, balance $10,179 |
| Comenity | Equifax, Experian, Trans Union | *3708 | Past due, balance $20,536 |
| Chase | Equifax, Experian, Trans Union | *9611 | Open, balance $234 |
| Pentagon FCU | Equifax, Experian, Trans Union | *8610 | Past due, balance $7,396 |

33.     On or about September 18, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 177125050. In this report, she explained that she was a victim of identity theft and that the aforementioned accounts listed in her credit report did not belong to her.

34.     Due to the inaccurate reporting, on or about September 20, 2024, Plaintiff mailed a detailed dispute letter to the CRAs. In the letter, Plaintiff requested a copy of her credit report. Further, Plaintiff advised she was a victim of identity theft, and that inaccurate and erroneous personal identifying information and hard inquiries were appearing in her credit file. Additionally, Plaintiff advised that the

aforementioned accounts did not belong to her. To confirm her identity, Plaintiff included images of her driver's license and Social Security card in the letter. Additionally in the letter, Plaintiff provided images of the erroneous reporting and images of her filed FTC Identity Theft Report.

35.    Plaintiff mailed her detailed dispute letter via USPS Certified Mail to Equifax (7009 0820 0002 2455 9151), Experian (7009 0820 0002 2455 9175), and Trans Union (7009 0820 0002 2455 9205).

36.    On or about September 25, 2024, Plaintiff received dispute results from Trans Union which stated several hard inquiries were deleted and the following as to the disputed accounts.

| **Furnisher** | **Account** | **Status** |
|---|---|---|
| Citizens Bank | *9108 | Deleted |
| Citizens Bank | *3588 | Deleted |
| Comenity | *3708 | Deleted |
| Chase | *9611 | No results |
| Pentagon FCU | *8610 | Deleted |

37.    However, on or about October 13, 2024, Plaintiff received additional results from Trans Union which stated Comenity, partial account number ending in *3708, was verified as accurate and reinserted.

38.    Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

8

39.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

40.    Upon information and belief, Trans Union notified Comenity of Plaintiff's dispute. However, Comenity failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

41.    On or about September 30, 2024, Plaintiff received a response from Equifax which stated it would not be blocking the information requested.

42.    However, also on or about September 30, 2024, Plaintiff received dispute results from Equifax which stated the following as to the disputed accounts.

| **Furnisher** | **Account** | **Dispute Results** |
|---------------|-------------|---------------------|
| Citizens Bank | *9108 | Not currently on report |
| Citizens Bank | *3588 | Not currently on report |
| Comenity | *3708 | Not currently on report |
| Chase | *9611 | Not currently on report |
| Pentagon FCU | *8610 | Not currently on report |

43.    Further, a few weeks later, Plaintiff received additional results from Equifax which stated Comenity, partial account number ending in *3708, was verified as accurate and reinserted.

44.    Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

45.     Equifax never attempted to contact Plaintiff during the alleged investigation.

46.     Upon information and belief, Equifax notified Comenity of Plaintiff's dispute. However, Comenity failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

47.     On or about September 30, 2024, Plaintiff received dispute results from Experian which stated it removed several hard inquiries and corrected Plaintiff's personal identifying information. Plaintiff did not receive dispute results as to the aforementioned accounts. However, upon review of the credit report included with the dispute results from Experian, Plaintiff observed the disputed accounts were no longer reported.

48.     However, upon review of her updated Experian credit report on or about October 28, 2024, Plaintiff observed Chase, partial account number ending in *9611, was reinserted with a new account number ending in *5973 and higher balance of $12,476.

49.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

50.     Experian never attempted to contact Plaintiff during the alleged investigation.

10

51.    Upon information and belief, Experian notified Chase of Plaintiff's dispute. However, Chase failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

52.    On or about October 28, 2024, Plaintiff obtained an updated copy of her Equifax credit report. Upon review, Plaintiff observed Comenity, account number ending in *3708, was reported with a status of over 120 days past due and balance of $25,612.

53.    On or about October 28, 2024, Plaintiff obtained an updated credit report from Experian. Upon review, Plaintiff observed CRM, partial account number 277602*, on behalf of original creditor Xfinity Mobile, with a status of collection and balance of $5,328. Further, Plaintiff observed Chase, partial account number ending in *5973, with a status of closed and balance of $12,476.

54.    On or about October 31, 2024, Plaintiff obtained an updated credit report from Trans Union. Upon review, Plaintiff observed Comenity, partial account number ending in *3708, was reported with a balance $20,536. Further, Plaintiff observed CRM, partial account number 277602*, on behalf of original creditor Xfinity Mobile, was reported with a status of collection and balance of $5,328.

55.    Due to the continued inaccurate reporting, on or about November 8, 2024, Plaintiff mailed a second detailed dispute letter to the CRAs. In the letter,

Plaintiff again requested a copy of her credit report. Further, Plaintiff reiterated she was a victim of identity theft, and that the aforementioned erroneous accounts did not belong to her. Additionally, Plaintiff explained that although she was a customer of Xfinity, her account was open, current, and not in collection. To confirm her identity, Plaintiff included images of her driver's license and Social Security card in the letter. Additionally in the letter, Plaintiff provided images of the erroneous reporting, images of her filed FTC Identity Theft Report, and images of her current Xfinity account.

56.     Plaintiff mailed her second detailed dispute letter via USPS Certified Mail to Equifax (9407 1112 0620 5528 8228 90), Experian (9407 1112 0620 5528 8502 51), and Trans Union (9407 1112 0620 5528 8634 35).

57.     On or about November 19, 2024, Plaintiff received a response from Equifax which stated it would not be blocking the requested information. Further, Plaintiff received a second response from Equifax requesting proof of identification despite Plaintiff having provided a copy of her current driver's license and Social Security card.

58.     On or about November 29, 2024, Plaintiff received a third response from Equifax regarding remedying the effects of identity theft.

59.     Despite confirmation of delivery on November 13, 2024, Plaintiff did not receive dispute results or a copy of her credit report in the mail from Equifax.

60.     However, on or about December 13, 2024, Plaintiff obtained an updated copy of her Equifax credit report. Upon review, Plaintiff observed Chase, partial account number ending in *5973, was reinserted with a balance of $12,357 and with a comment which stated it was disputed by consumer. Further, Plaintiff observed Comenity, account number ending in *3708, continued to be reported.

61.     Plaintiff provided enough information to Equifax to identify her file and to handle the dispute. Equifax failed to follow the mandates of the FCRA and refused to conduct a reasonable investigation.

62.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

63.     Equifax never attempted to contact Plaintiff during the alleged investigation.

64.     Upon information and belief, Equifax notified Comenity of Plaintiff's dispute. However, Comenity failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

65.     Upon information and belief, Equifax notified Chase of Plaintiff's dispute. However, Chase failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

66.    On or about November 13, 2024, Plaintiff received a response from Experian which stated it would not be investigating Plaintiff's dispute due to the letter appearing to have not been sent by Plaintiff.

67.    On or about December 2, 2024, Plaintiff received a response from Experian which stated the dispute results were pending.

68.    On or about December 13, 2024, Plaintiff obtained an updated copy of her Experian credit report. Upon review, Plaintiff observed Chase, partial account number ending in *5973, continued to be reported with a comment which stated, "This item remained unchanged from our processing of your dispute in Nov 2024". Further, Plaintiff observed CRM, partial account number 277602*, continued to be reported with a comment which stated, "This item remained unchanged from our processing of your dispute in Dec 2024".

69.    Further, on or about December 18, 2024, Plaintiff received dispute results from Experian which stated CRM, partial account number 277602*, was verified as accurate and remains.

70.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

71.    Experian never attempted to contact Plaintiff during the alleged investigation.

72.     Upon information and belief, Experian notified Chase of Plaintiff's dispute. However, Chase failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

73.     Upon information and belief, Experian notified CRM of Plaintiff's dispute. However, CRM failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

74.     Despite confirmation of delivery on November 12, 2024, Plaintiff did not receive dispute results or a copy of her credit report in the mail from Trans Union. However, upon review of her updated credit report on or about December 13, 2024, Plaintiff observed Comenity, account number ending in *3708, continued to be reported. Further, Plaintiff observed CRM, partial account number 277602*, continued to be reported with a comment which stated, "Account information disputed by consumer".

75.     Plaintiff provided enough information to Trans Union to identify her file and to handle the dispute. Trans Union failed to follow the mandates of the FCRA and refused to conduct a reasonable investigation.

76.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

15

77.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

78.    Upon information and belief, Trans Union notified Comenity of Plaintiff's dispute. However, Comenity failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

79.    Upon information and belief, Trans Union notified CRM of Plaintiff's dispute. However, CRM failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

80.    Due to the continued inaccurate reporting, on or about December 20, 2024, Plaintiff mailed a third detailed dispute letter to the CRAs. In the letter, Plaintiff once again requested a copy of her credit report. Further, Plaintiff reiterated she was a victim of identity theft, and that the aforementioned erroneous accounts did not belong to her. Additionally, Plaintiff explained that although she was a customer of Xfinity, her account was open, current, and not in collection. To confirm her identity, Plaintiff included images of her driver's license and Social Security card in the letter. Additionally in the letter, Plaintiff provided images of the erroneous reporting, images of her filed FTC Identity Theft Report, and images of her current Xfinity account.

81.     Plaintiff mailed her third detailed dispute letter via USPS Certified Mail to Equifax (9407 1112 0620 6869 0766 21), Experian (9407 1112 0620 6869 0766 76), and Trans Union (9407 1112 0620 6869 0761 26).

82.     As of the filing of this Complaint, Plaintiff has not received dispute results from the CRAs as to her third detailed dispute letter.

83.     Despite Plaintiff's best efforts to have the erroneous reporting corrected, the CRAs continue to report inaccurate and erroneous accounts in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

84.     The CRAs have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of the furnisher(s).

85.     Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

86.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

   i.    Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

17

ii.   Loss of time attempting to cure the errors;

iii.  Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions; and

iv.   Apprehensiveness to apply for new credit due to the fear of rejection.

## CAUSES OF ACTION

## COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

87.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-six (86) above as if fully stated herein.

88.   Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

89.   Equifax allowed for numerous furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

18

90.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

91.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

92.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

93.    Equifax violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

94.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

95.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

96.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

19

WHEREFORE, Plaintiff, CHRISTINE EDITH SARGENT, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

97.    Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-six (86) above as if fully stated herein.

98.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

99.    Equifax allowed for numerous furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

100.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

20

101.   Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

102.   Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

103.   Equifax violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

104.   As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

105.   The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

106.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, CHRISTINE EDITH SARGENT, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff

her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

107.    Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-six (86) above as if fully stated herein.

108.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

109.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

110.   Plaintiff provided Equifax with the information it needed to confirm that she was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

111.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

112.   The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

113.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, CHRISTINE EDITH SARGENT, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

114.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-six (86) above as if fully stated herein.

115.   After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

116.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

117.   Plaintiff provided Equifax with the information it needed to confirm that she was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

24

118.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

119.   The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

120.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, CHRISTINE EDITH SARGENT, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT V
### Violations of 15 U.S.C. § 1681g as to
### Defendant, Equifax Information Services LLC (Negligent)

121.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-six (86) above as if fully stated herein.

25

122.   After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

123.   Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

124.   Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

125.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

126.   The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

127.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, CHRISTINE EDITH SARGENT, respectfully requests that this Court award actual damages against Defendant, EQUIFAX

INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT VI
### Violations of 15 U.S.C. § 1681g as to
### Defendant, Equifax Information Services LLC (Willful)

128.  Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-six (86) above as if fully stated herein.

129.  After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

130.  Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

131.  Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

132.  As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

133.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

134.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, CHRISTINE EDITH SARGENT, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### <u>COUNT VII</u>
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

135.    Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-six (86) above as if fully stated herein.

136.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

137. Experian allowed for numerous furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

138. Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

139. Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

140. Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

141. Experian violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

142. As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

143.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

144.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, CHRISTINE EDITH SARGENT, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT VIII
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

145.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-six (86) above as if fully stated herein.

146.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

147.    Experian allowed for numerous furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

148.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

149.    Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

150.    Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

151.    Experian violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

152.    As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

153.    The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

31

154.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, CHRISTINE EDITH SARGENT, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

155.    Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-six (86) above as if fully stated herein.

156.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

32

157.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

158.    Plaintiff provided Experian with the information it needed to confirm that she was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

159.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

160.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

161.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, CHRISTINE EDITH SARGENT, respectfully requests that this Court award actual damages against Defendant, EXPERIAN

INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT X
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

162.    Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-six (86) above as if fully stated herein.

163.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

164.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

165.   Plaintiff provided Experian with the information it needed to confirm that she was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

166.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

167.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

168.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, CHRISTINE EDITH SARGENT, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

35

## COUNT XI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

169.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-six (86) above as if fully stated herein.

170.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

171.   Trans Union allowed for numerous furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

172.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

173.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

174.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

175.   Trans Union violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

176.    As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

177.    The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

178.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, CHRISTINE EDITH SARGENT, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XII
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

179.    Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-six (86) above as if fully stated herein.

180.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

181.   Trans Union allowed for numerous furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

182.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

183.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

184.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

185.   Trans Union violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

186.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

187.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

188.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, CHRISTINE EDITH SARGENT, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

189.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-six (86) above as if fully stated herein.

190.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable

reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

191.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

192.    Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

193.    As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

194.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

195.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, CHRISTINE EDITH SARGENT, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

196.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-six (86) above as if fully stated herein.

197.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff

in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

198.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

199.    Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

200.    As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

201.    The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

202.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, CHRISTINE EDITH SARGENT, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XV
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Trans Union LLC (Negligent)

203.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-six (86) above as if fully stated herein.

204.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

205.   Plaintiff provided to Trans Union appropriate and sufficient proofs of identity to allow Trans Union to create a high degree of confidence in knowing the identity of Plaintiff.

206.   Despite the sufficient proofs of identification produced by Plaintiff, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

207. As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

208. The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

209. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, CHRISTINE EDITH SARGENT, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XVI
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Trans Union LLC (Willful)

210. Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-six (86) above as if fully stated herein.

211.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

212.   Plaintiff provided to Trans Union appropriate and sufficient proofs of identity to allow Trans Union to create a high degree of confidence in knowing the identity of Plaintiff.

213.   Despite the sufficient proofs of identification produced by Plaintiff, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

214.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

215.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

216.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, CHRISTINE EDITH SARGENT, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XVII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Comenity Capital Bank (Negligent)

217.  Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-six (86) above as if fully stated herein.

218.  Comenity furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

219.  After receiving Plaintiff's disputes, Comenity violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

220.  Plaintiff provided all the relevant information and documents necessary for Comenity to have identified that the account was erroneous.

46

221.   Comenity did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Comenity by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

222.   Comenity violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

223.   As a direct result of this conduct, action, and/or inaction of Comenity, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

224.   The conduct, action, and inaction of Comenity was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

225.   Plaintiff is entitled to recover costs and attorney's fees from Comenity in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, CHRISTINE EDITH SARGENT, respectfully requests that this Court award actual damages against Defendant, COMENITY CAPITAL BANK; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XVIII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Comenity Capital Bank (Willful)

226.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-six (86) above as if fully stated herein.

227.   Comenity furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

228.   After receiving Plaintiff's disputes, Comenity violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

48

229.   Plaintiff provided all the relevant information and documents necessary for Comenity to have identified that the account was erroneous.

230.   Comenity did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Comenity by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

231.   Comenity violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

232.   As a direct result of this conduct, action, and/or inaction of Comenity, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

233.   The conduct, action, and inaction of Comenity was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

234.   Plaintiff is entitled to recover costs and attorney's fees from Comenity in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, CHRISTINE EDITH SARGENT, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, COMENITY CAPITAL BANK; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XIX
**Violation of 15 U.S.C. § 1681 s-2(b) as to**
**Defendant, JPMorgan Chase Bank, N.A. (Negligent)**

235.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-six (86) above as if fully stated herein.

236.   Chase furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

237.   After receiving Plaintiff's disputes, Chase violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to

accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

238.    Plaintiff provided all the relevant information and documents necessary for Chase to have identified that the account was erroneous.

239.    Chase did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Chase by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

240.    Chase violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

241.    As a direct result of this conduct, action, and/or inaction of Chase, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

242.   The conduct, action, and inaction of Chase was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

243.   Plaintiff is entitled to recover costs and attorney's fees from Chase in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, CHRISTINE EDITH SARGENT, respectfully requests that this Court award actual damages against Defendant, JPMORGAN CHASE BANK, N.A.; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## <u>COUNT XX</u>
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, JPMorgan Chase Bank, N.A. (Willful)

244.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-six (86) above as if fully stated herein.

245.   Chase furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

246.   After receiving Plaintiff's disputes, Chase violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

247.   Plaintiff provided all the relevant information and documents necessary for Chase to have identified that the account was erroneous.

248.   Chase did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Chase by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

249.   Chase violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

250.    As a direct result of this conduct, action, and/or inaction of Chase, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

251.    The conduct, action, and inaction of Chase was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

252.    Plaintiff is entitled to recover costs and attorney's fees from Chase in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, CHRISTINE EDITH SARGENT, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, JPMORGAN CHASE BANK, N.A.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XXI
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Credence Resource Management, LLC (Negligent)

253.    Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-six (86) above as if fully stated herein.

254.    CRM furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

255.    After receiving Plaintiff's disputes, CRM violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

256.    Plaintiff provided all the relevant information and documents necessary for CRM to have identified that the account was erroneous.

257.    CRM did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to CRM by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

258.   CRM violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

259.   As a direct result of this conduct, action, and/or inaction of CRM, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

260.   The conduct, action, and inaction of CRM was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

261.   Plaintiff is entitled to recover costs and attorney's fees from CRM in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, CHRISTINE EDITH SARGENT, respectfully requests that this Court award actual damages against Defendant, CREDENCE RESOURCE MANAGEMENT, LLC; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XXII
## Violation of 15 U.S.C. § 1681 s-2(b) as to
## Defendant, Credence Resource Management, LLC (Willful)

262.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-six (86) above as if fully stated herein.

263.   CRM furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

264.   After receiving Plaintiff's disputes, CRM violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

265.   Plaintiff provided all the relevant information and documents necessary for CRM to have identified that the account was erroneous.

266.   CRM did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to CRM by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if

it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

267.   CRM violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

268.   As a direct result of this conduct, action, and/or inaction of CRM, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

269.   The conduct, action, and inaction of CRM was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

270.   Plaintiff is entitled to recover costs and attorney's fees from CRM in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, CHRISTINE EDITH SARGENT, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, CREDENCE RESOURCE MANAGEMENT, LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment

interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CHRISTINE EDITH SARGENT, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; COMENITY CAPITAL BANK; JPMORGAN CHASE BANK, N.A.; and CREDENCE RESOURCE MANAGEMENT, LLC, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 22nd day of December 2024.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 Kennedy Blvd, Suite 610

Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
*Attorney for Plaintiff*